S99Y0225. IN THE MATTER OF JAMES M. CORBEIL.
(515 SE2d 394)

PER CURIAM.

This disciplinary matter is before the Court on the special master's recommendation that Respondent James M. Corbeil be suspended from the practice of law for a period of one year for his violations of Standards 44 (abandonment or wilful disregard of legal matter entrusted to the lawyer) and 22 (withdrawal from employment without taking reasonable steps to avoid foreseeable prejudice to rights of client) of Bar Rule 4-102 (d). After a Formal Complaint was served on Corbeil by publication pursuant to State Bar Rule 4-203.1 (b) (3) (ii) and Corbeil failed to file an answer within 30 days as required by Bar Rule 4-212 (a), the State Bar filed a Motion for Findings of Fact and Conclusions of Law By Default on August 17, 1998. Deeming the facts alleged and the violations charged in the Formal Complaint to be admitted due to Corbeil's failure to file a response, the special master filed his Report and Recommendation on September 14, 1998. Neither the State Bar nor Corbeil requested a review by the review panel pursuant to Bar Rule 4-218. Accordingly, on October 15, 1998, the special master directed the clerk of the State Disciplinary Board to file the original record in this case directly with this Court pursuant to Bar Rule 2-217 (c).

The facts deemed admitted by the special master show that Corbeil was retained by a client to represent her in a workers' compensation case in May 1996. Corbeil agreed to represent the client for 25 percent of any recovery she received and did, in fact, represent her at the trial of her case before a workers' compensation judge. However, following the denial of her claim in March 1997, the client wished to appeal the court's order but was unable to reach Corbeil either by

phone or in writing. After Corbeil failed to return her calls and did not respond to her letter, the client left Corbeil a message demanding the return of her original documents. Corbeil never returned the documents. As a result of Corbeil's wilful abandonment of the legal matter entrusted to him, his client suffered worry and concern about the status of her case and was unable to pursue her appeal.

We have reviewed the record and agree with the special master's findings and his recommendation as to the imposition of a one-year suspension. However, in addition to the one-year suspension, this Court believes it is appropriate to impose certain conditions as a prerequisite for Corbeil's reinstatement. Among the conditions Corbeil must meet prior to reinstatement are requirements that he pay for and attend ethics school, and that within six months of reinstatement he pay for and complete a law practice management assessment by a consultant approved by the Law Practice Management Program of the State Bar. Corbeil is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension from the date of this order with conditions prior to reinstatement. All the Justices concur.*

DECIDED MAY 10, 1999.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.